UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ARTEMI LTD., | : | HONORABLE JOSEPH E. IRENAS |
| | : | Civ. Action No. 03-3382(JEI/AMD) |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| | : | |
| SAFE-STRAP CO., INC., | : | |
| | : | |
| Defendant. | : | |

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
By: Joseph P. Lasala, Esq.
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962

and

PAZUNIAK LAW OFFICE
By: George Pazuniak, Esq.
1201 North Orange Street
7th Floor, Suite 7114
Wilmington, Delaware 19801
	Counsel for Plaintiff


MULLEN & REYNOLDS, LLC
By: Eugene G. Reynolds, Esq.
101 Gibraltar Drive, Suite 1E1
Morris Plains, New Jersey 07950

and

OSTRELENK FABER LLP
By: Louis C. Dujmich, Esq.
1180 Avenue of the Americas
New York, New York 10036
	Counsel for Defendant

**IRENAS**, Senior District Judge:

On July 16, 2003, Plaintiff Artemi Ltd. initiated this patent infringement action against Defendant Safe-Strap Co., Inc. Several months later, upon the parties' consent, the Court stayed the case pending the United States Patent and Trademark Office's ("USPTO") decision on reexamination and reissue of the patent at issue. The USPTO issued its decision on July 26, 2011. Almost a year and a half after the USPTO proceedings concluded, Artemi filed the instant Motion to Reopen this case. Artemi also seeks to amend the Amended Complaint to reflect the USPTO's decision. Safe-Strap opposes both Motions.

For the reasons stated herein, the Motion to Reopen will be granted, and the Motion to Amend will be granted in part and denied without prejudice in part.

**I.**

Paul Artemi is the owner and managing director of Plaintiff Artemi Ltd. Mr. Artemi invented the "Spacemaker," which is a hook used by garment retailers and distributors to increase the amount of garments that can be hung on a rail. The USPTO issued U.S. Patent 5,584,455 (the "'455 Patent") (Dujmich Decl. Ex. 1) to Artemi on December 17, 1996. According to Aretmi, the Spacemaker is used by well-known national clothing retailers, including Banana Republic and Kohl's.

On May 10, 2002, Artemi submitted the '455 Patent for *ex parte* reexamination by the USPTO, and on August 8, 2002, the USPTO granted the request for reexamination.[1]

While the reexamination proceeding was pending, on July 16, 2003, Artemi filed suit against Safe-Strap alleging that Safe-Strap's apparel hook, known as the "Hanger Under," infringed upon the claims of the '455 Patent. The case was assigned to U.S. District Judge Pisano. Safe-Strap answered the Amended Complaint on October 1, 2003.

Shortly thereafter, in light of the reexamination proceedings, and at the joint request of the parties, Judge Pisano entered an Order staying and administratively terminating the action "pending completion of the ongoing reexamination proceeding before the USPTO pertaining to [the '455 Patent]." (Dkt. Entry No. 14) The Order further stated that Artemi "shall notify the Court and [Safe-Strap] when said reexamination proceeding is completed and the matter can be reinstated to the active docket." Id. That same day, Judge Pisano also entered an Administrative Termination Order terminating the action "without prejudice to the right of the parties to reopen the proceedings for good cause shown." (Dkt. Entry No. 15)

---

[1] During reexamination, any claim of the patent may be reexamined in light of new prior art in order to determine whether the claim remains patentable. "Any person . . . may file a request for reexamination . . . of any claim on the basis of any prior art." 35 U.S.C. § 302.

In the following years, Artemi continued to pursue reexamination, and then reissue, before the USPTO.[2]

These prolonged proceedings concluded with the issuance of U.S. Reissue Patent 42,568 (the "RE'568 Patent") (Exhibit 1 to Proposed Second Amended Complaint) on July 26, 2011. The reissue patent has ten claims: Claim 2 and Claims 8-16. Relevant to the instant Motions, Artemi concedes that Claims 8-16 of the RE'568 Patent are entirely new (i.e., not substantially identical to any of the claims of the '455 Patent). The parties dispute whether Claim 2 of the RE'568 Patent is substantially identical to Claim 2 of the '455 Patent.

On June 24, 2011, Artemi's counsel sent a letter to Safe-Strap's counsel stating that the RE'568 Patent was about to be issued and that Artemi intended to seek to reopen this case. (Pazuniak Decl. Ex. F) On July 1, 2011, Safe-Strap's counsel responded that Safe-Strap would oppose any effort by Artemi to revive the litigation. (Dujmich Decl. Ex. 6)

On December 27, 2012, seventeen months after the issuance of the RE'568 Patent, Artemi's counsel wrote to Judge Pisano

---

[2] Although the record is not entirely clear, it seems that during the reexamination proceeding, Claim 1, and Claims 3-7 of the original patent were cancelled. Thereafter, Artemi filed an appeal with the USPTO Board of Appeals and Interferences.
On April 4, 2006, while the appeal was still pending, Artemi filed an application for reissue of the patent and withdrew the appeal. On February 17, 2009, the USPTO merged the reexamination and reissue proceedings into a single proceeding. *See* 37 C.F.R. § 1.565(d).

advising that the reexamination proceeding was completed and requesting that the case be reinstated to the active docket. The case was then reassigned to the undersigned.

As indicated *supra*, presently pending are Artemi's Motion to Reopen and Motion to Amend the Amended Complaint. Safe-Strap opposes both Motions, asserting that the case should not be reopened because of the seventeen-month delay in seeking to reopen the case, and that Artemi's proposed amendments to the Amended Complaint are meritless.

**II.**

Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave" to amend "when justice so requires." The decision to grant leave to amend rests within the discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the court may deny leave to amend when the amendment would be futile. *Free Speech Coal., Inc, v. Attorney Gen. of U.S.*, 677 F.3d 519, 545 (3d Cir. 2012). Futility "means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 231 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1861 (2012).

**III.**

The Court first addresses the Motion to Reopen and then the Motion to Amend.

**A.**

Safe-Strap argues that this case should not be reopened because of the seventeen month delay that occurred between the issuance of the RE'568 Patent (i.e., the termination of the reexamination proceeding) and the instant Motion to Reopen. It relies on the language of Judge Pisano's Order staying and administratively terminating the case, which states in relevant part, "IT IS HEREBY ORDERED THAT: . . . Plaintiff shall notify the Court and Defendant when said reexamination proceeding is completed, and the matter can be reinstated to the active docket." According to Safe-Strap, notifying the Court seventeen months after the reexamination proceeding was completed was not notifying the Court "when" the proceeding was completed. Safe-Strap essentially argues that Judge Pisano intended this case to be reopened within a reasonable time after reexamination concluded, and that the delay in this case was unreasonable.

Assuming *arguendo* that Safe-Strap's interpretation of the Order is correct, the Court concludes that in this particular case, the delay in notifying the Court was not unreasonable. Nothing about the delay alone is *per se* unreasonable. Paul

6

Artemi states in his declaration that the delay resulted from two factors: (1) financial inability to support this litigation immediately after the conclusion of the proceedings before the USPTO; and (2) the need to find new lead counsel after prior counsel changed law firms. He further states that he retained current counsel approximately one to two months prior to seeking to reopen this case. Thus, nothing in the record suggests that Artemi's delay was in bad faith.[3]

Nor does it appear that Safe-Strap was prejudiced in any way by the delay. Safe-Strap argues that "prejudice may be presumed" from the delay (Opposition Brief p. 14), however, the case it cites for that proposition, *Johnson-Shavers v. MVM, Inc.*, 2008 U.S. Dist. LEXIS 6320 at *8 (D.N.J. Jan. 29, 2008), is easily distinguishable. *Johnson-Shavers* involved an unopposed motion pursuant to Fed. R. Civ. P. 41(b) to dismiss a *pro se* plaintiff's *open* employment discrimination case for failure to prosecute. The Court concluded that involuntary dismissal was the only remedy for the plaintiff's repeated failure to respond to discovery requests, and that further delay in prosecuting the case would prejudice the defendant.

This case, however, involves a represented plaintiff, in a patent infringement action, who seeks to *reopen* a case that was

---

[3] Safe-Strap argues, without any citation to authority, that bad faith can be inferred from the delay alone. The Court disagrees.

7

administratively terminated with the defendant's consent.  Rule 41(b) and *Johnson-Shavers* are simply inapplicable here.[4]

Accordingly, the Court holds that Artemi's delay was not in bad faith and Safe-Strap will not be prejudiced by reopening this case[5]; therefore the Motion to Reopen will be granted.

**B.**

Safe-Strap opposes Artemi's Motion to Amend arguing that amendment would be futile because the proposed Second Amended Complaint fails to state a claim.  The proposed Second Amended Complaint alleges that Safe-Strap "directly infringed, contributorily infringed, and/or actively induced infringement [of]" Artemi's patent.  The Court analyzes the direct infringement claims before turning to the indirect infringement claims.

---

[4] Also contrary to Safe-Strap's argument, *Poulis v. State Farm Fire and Casualty*, 747 F.2d 863 (3d Cir. 1984) does not apply.  Like *Johnson-Shavers, Poulis* involved dismissal with prejudice of an open case, not reopening of an administratively terminated case.

[5] Safe-Strap also argues that prejudice will result because Artemi's claims are "frivolous."  (Opposition Brief, p. 3) However, as explained next in Section III., B., the Court holds that Aretmi's claims, at least at this stage of the litigation, are not frivolous.

8

### (1) Direct Infringement

*Alleged infringement of RE'568 Claim 2*

Safe-Strap contends that Artemi cannot pursue a direct infringement action based on any of Safe-Strap's alleged infringement prior to July 26, 2011, the effective date of the RE'568 Patent, because the '455 Patent was surrendered upon the reissue. (Opposition Brief, p. 16-21)  The Court disagrees.

It is true that an original patent is surrendered upon the issuance of a reissue patent and can no longer be infringed. *Seattle Box Co. v. Indus. Crating & Packing, Inc.*, 731 F.2d 818, 827 (Fed. Cir. 1984) ("Seattle Box I").  However, the effect of a reissued patent on pending litigation is governed by the first paragraph of 35 U.S.C. § 252, which provides:

> [E]very reissued patent shall have the same effect and operation in law, on the trial of actions for causes thereafter arising, as if the same had been originally granted in such amended form, *but in so far as the claims of the original and reissued patents are substantially identical, such surrender shall not affect any action then pending nor abate any cause of action then existing, and the reissued patent, to the extent that its claims are substantially identical with the original patent, shall constitute a continuation thereof and have effect continuously from the date of the original patent.*

35 U.S.C. § 252 (emphasis added).

Thus, reissued claims which are substantially identical to those of the original patent "have effect continuously from the date of the original patent." *Bloom Eng'g Co. v. N. Am. Mfg.*

*Co.*, 129 F.3d 1247, 1250 (Fed. Cir. 1997). Accordingly, a reissued patent can be enforced against infringing activity that allegedly occurred from the time the original patent was issued if the claims of the original and reissue patents are substantially identical. *Predicate Logic, Inc.*, 544 F.3d at 1305.[6]

In the instant case, Artemi's Proposed Second Amended Complaint alleges that Claim 2 of the RE'568 Patent is substantially identical to the original Claim 2 of the '455 Patent. (Prop. Second Amended Compl. ¶8) If the Court concludes that '455 Patent Claim 2 and RE'568 Patent Claim 2 are indeed substantially identical,[7] in accordance with § 252, Artemi may pursue a direct infringement action for alleged activity dating back to the issuance of the '455 Patent.

While Safe-Strap contends that the claims are not substantially identical, such a determination cannot be made at

---

[6] Reissued patent claims are "substantially identical" to the original claims if they are "without substantive change." *Predicate Logic, Inc.*, 544 F.3d at 1305 (quoting *Bloom Eng'g Co.*, 129 F.3d at 1250); *see also Seattle Box I*, 731 F.2d at 827-28.

[7] Whether claims are substantially identical is a question of law. *Westvaco Corp. v. Int'l Paper Co.*, 991 F.2d 735, 741 (Fed. Cir. 1993); *see also Laitram Corp. v NEC Corp.*, 163 F.3d 1342, 1347 (Fed. Cir. 1998) ("Laitram IV")("the interpretation and construction of patent claims, which define the scope of the patentee's rights under the patent, is a matter of law, exclusively for the court")(quoting *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 970-71 (Fed. Cir. 1995)(en banc), *aff'd*, 517 U.S. 370 (1996)).

the pleading stage. Rather, the issue of whether the claims are substantially identical is most appropriately decided after claim construction.[8] Indeed, courts have refused to rule on whether claims are substantially identical before formal claim construction hearings. *See, e.g.*, *Etagz, Inc. v. Quicksilver, Inc.*, No. SACV 10-0300 DOC (MLGx), 2012 WL 2135497, at *3 (C.D. Cal. June 11, 2012); *Sorensen v. Emerson Elec. Co.,* Nos. 08cv0060 BTM (CAB), 08cv0070, 08cv0305, 2011 WL 6752559, at *7 (S.D. Cal. Dec. 22, 2011); *StemCells Inc. v. Neuralstem Inc.*, No. AW-06-1877, 2009 WL 3681653, at *3 (D. Md. Oct. 30, 2009). Consequently, Safe-Strap's futility argument concerning the alleged infringement of '455 Patent / RE'568 Patent Claim 2 fails.

*Alleged infringement of RE'568 Claims 8-16*

Additionally, Safe-Strap argues that Artemi's direct infringement claim fails because Safe-Strap acquired intervening rights prior to the issuance of the RE'568 Patent. (Opposition

---

[8] To determine whether claims are substantially identical, the court "must discern whether the scope of the claims are identical, not merely whether different words are used." *Laitram IV*, 163 F.3d at 1346 (citing *Slimfold Mfg. Co. v. Kinkead Indus.*, 810 F.2d 1113, 1115 (Fed. Cir. 1987)). In so doing, "the claims must be construed in light of the specification, prosecution history, prior art, and other pertinent information." *Laitram Corp. v. NEC Corp.*, 952 F.2d 1357, 1361 (Fed. Cir. 1991) ("Laitram I")(citing *Tillotson, Ltd. v. Walbro Corp.*, 831 F.2d 1033, 1036-39 (Fed. Cir. 1987)).

Brief, p. 24) However, this issue, like the question of whether Claim 2 of the RE'568 Patent is substantially identical to Claim 2 of the '455 Patent, cannot be decided at this stage of the litigation.

The doctrine of intervening rights is codified in the second paragraph of 35 U.S.C. § 252, which provides in relevant part:

> A reissued patent shall not abridge or affect the right of any person . . . in business who, prior to the grant of a reissue, made, purchased, offered to sell, or used within the United States, . . . anything patented by the reissued patent, to continue the use of, to offer to sell, or to sell to others to be used, offered for sale, or sold, the specific thing so made, purchased, offered for sale, used, or imported unless the making, using, offering for sale, or selling of such thing infringes a valid claim of the reissued patent which was in the original patent. The court before which such matter is in question may provide for the continued manufacture, use, offer for sale, or sale of the thing made, purchased, offered for sale, used, or imported as specified, or for the manufacture, use, offer for sale, or sale in the United States of which substantial preparation was made before the grant of the reissue, . . . to the extent and under such terms as the court deems equitable for the protection of investments made or business commenced before the grant of the reissue.

35 U.S.C. § 252.

In short, the doctrine of intervening rights provides that "when certain conditions are present a reissue shall not abridge or affect certain rights of those who acted before the reissue was granted." *Seattle Box Co. v. Indus. Crating & Packing, Inc.*, 756 F.2d 1574, 1579 (Fed. Cir. 1985) ("Seattle Box II"). The statute therefore allows the Court to grant an infringer a

"'personal intervening right' to continue what would otherwise be infringing activity after reissue. . . . if the court decides that equity dictates such a result." *Id.* (quoting Chisum on Patents).

As an initial matter, intervening rights is an affirmative defense. *Fortel Corp. v. Phone-Mate, Inc.*, 825 F.2d 1577, 1580 (Fed. Cir. 1987); *Windsurfing Int'l Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 (Fed. Cir. 1986). Thus, Artemi need not plead in its Proposed Second Amended Complaint that Safe-Strap has no intervening rights; therefore as a matter of law, amendment cannot be futile because the futility analysis tests the adequacy of Artemi's pleading. *See Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 231 (3d Cir. 2011) (futility "means that the complaint, as amended, would fail to state a claim upon which relief could be granted.").

Moreover, case law makes clear that whether to grant intervening rights is a highly fact-specific inquiry. Even if an infringer proves the necessary elements of § 252 (e.g., pre-reissue sales in the United States, and substantial pre-reissue preparation), the Court may, as a matter of equity, deny intervening rights. *See Westvaco Corp. v. Int'l Paper Co.,* 991 F.2d 735, 743 (Fed. Cir. 1993) (affirming district court's denial of intervening rights, even though the infringer had established a *prima facie* case for intervening rights, because the district

13

court concluded that under "the factual circumstances of the case" allowing the defense would be inequitable).[9]

Thus, it is abundantly clear that the Court cannot rule on intervening rights at the very outset of this case, without any factual record upon which to make a ruling. Accordingly, the Court concludes that Amending the Amended Complaint to include alleged infringement of Claims 8-16 of the RE'568 Patent will not be futile.[10]

### (2) Indirect Infringement

---

[9] *See generally Seattle Box II*, 756 F.2d at 1577-78 (criticizing the district court for failing to make findings of fact in support of its intervening rights decision, explaining "it was error for the court to limit its statement on the equitable components of intervening rights to a mere ultimate conclusion, without any explanation whatever of the particular factors and facts it considered."); *cf. Windsurfing Int'l Inc.*, 782 F.2d at 1003 ("That [Defendant] pleaded [the intervening rights] defense is insufficient. That it failed to make any attempt to prove the defense at trial is in this case fatal.").

[10] At oral argument on the instant Motions, defense counsel asked that if the Court allowed Plaintiff to reopen this case and amend the Amended Complaint that the Court should at least impose sanctions for the delay in moving to reopen the case. Counsel seemed to suggest that such sanction should take the form of limiting Plaintiff's potential damages recovery to damages incurred from the date this case was reopened, as opposed to the date that the RE'568 patent was issued.
Nothing presently before the Court suggests that sanctions are appropriate. To the extent Defendant is asserting that the delay in reopening this case should be an equitable consideration weighed by this Court, Defendant is free to make such an argument at the appropriate stage of this litigation.

In conclusory fashion, the Proposed Second Amended Complaint asserts that Safe-Strap "actively induced infringement" of, and "contributorily infringed," its patent.

With respect to induced infringement, 35 U.S.C. § 271(b) states, "[w]hoever actively induces infringement of a patent shall be liable as an infringer." Artemi pleads no facts concerning, for example, what Safe-Strap allegedly did to induce infringement, nor whom it allegedly induced. Accordingly, the Proposed Second Amended Complaint fails to plead sufficient facts supporting a patent infringement claim based on induced infringement. *See generally Superior Indus., LLC v. Thor Global Enters.,* 700 F.3d 1287, 1295-96 (Fed. Cir. 2012) (explaining that *Twombly* and *Iqbal* apply to claims of indirect infringement).

Likewise, the Proposed Second Amended Complaint fails to plead sufficient facts supporting a cause of action for contributory infringement. 35 U.S.C. § 271(c) states,

> [w]hoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

Artemi does not plead any facts concerning which "component" of the Spacemaker Safe-Strap has sold or offered to sell within

15

the United States, nor does it plead that Safe-Strap acted with the requisite intent. *See generally Superior Indus.,* 700 F.3d at 1295-96 (explaining that *Twombly* and *Iqbal* apply to claims of indirect infringement).

Accordingly, the Proposed Second Amended Complaint fails to state a claim for indirect infringement because it contains no factual allegations supporting the legal claim. The Motion to Amend will be denied without prejudice.

**IV.**

For the foregoing reasons, Artemi's Motion to Reopen this case will be granted.

Artemi's Motion Amend the Amended Complaint will be granted in part and denied in part. The Motion to Amend will be granted as to the direct infringement claims and denied without prejudice as to the indirect infringement claims.

An appropriate Order accompanies this Opinion.


Date: May 30, 2013                        s/ Joseph E. Irenas
                                             **JOSEPH E. IRENAS, S.U.S.D.J**