```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY


ARTEMI, LTD., and PAUL ARTEMI,:    Civil No. 03-3382 (JEI/AMD)
                              :
         Plaintiffs,          :         OPINION
                              :
         v.                   :
                              :
SAFE-STRAP CO., INC.,         :
                              :
         Defendant.           :
```

**APPEARANCES:**

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
By: Joseph P. Lasala, Esq.
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962

    and

PAZUNIAK LAW OFFICE
By: George Pazuniak, Esq.
1201 North Orange Street
7th Floor, Suite 7114
Wilmington, Delaware 19801
           Counsel for Plaintiff


MULLEN & REYNOLDS, LLC
By: Eugene G. Reynolds, Esq.
101 Gibraltar Drive, Suite 1E1
Morris Plains, New Jersey 07950

    and

OSTRELENK FABER LLP
By: Louis C. Dujmich, Esq.
1180 Avenue of the Americas
New York, New York 10036
           Counsel for Defendant

1

**IRENAS**, Senior United States District Judge:

This is the fourth opinion in this patent infringement suit. Presently before the Court is Defendant Safe-Strap's Motion for Summary Judgment on its invalidity affirmative defense. The Court holds that the reissued patent does not "enlarge[e] the scope of the claims of the original patent," 35 U.S.C. § 251(d). Thus, Safe-Strap's motion will be denied.

### I.

The prior opinions in this case, *Artemi Ltd. v. Safe-Strap Co.*, 947 F. Supp. 2d 473 (D.N.J. 2013); *Artemi Ltd. v. Safe-Strap Co.*, 2013 U.S. Dist. LEXIS 181273 (D.N.J. Dec. 27, 2013); and *Artemi Ltd. v. Safe-Strap Co.*, 2014 U.S. Dist. LEXIS 91468 (D.N.J. July 7, 2014) provide the factual and procedural background for the instant motion.

Most relevant to the issue presented here-- whether the reissued patent (the RE'568 patent) is broader than the original patent (the '455 patent)-- is the Court's most recent opinion, which construed the disputed terms of the RE'568 patent.

In particular, the Court discussed the parties' dispute as to the RE'568 patent:

> In construing the disputed terms, it is helpful to begin with a basic understanding of the patented device as a whole. The Summary of the Invention discloses two 'parts' of the device: a 'first part' which is 'made of rigid plastics material;' and a

2

> 'second part' 'comprising a loop' formed by a 'strap' made of 'flexible webbing.' The parties do not dispute that the second part is 'attached to the first part through the ring.' (RE'568 patent claim 2)
>
> The parties, however, do dispute whether the 'ring' means the 'hole' in the device, or whether the 'ring' means the plastic material surrounding and defining the hole. At the *Markman* hearing, the Court used a doughnut analogy: Artemi argues that 'the ring' is the doughnut, while Safe-Strap argues that 'the ring' is the hole in the doughnut.

*Artemi,* 2014 U.S. Dist. LEXIS at *6-7.

For the reasons stated in the opinion, the Court held that "the ring" was "the bottom half of the first part of the device," i.e., the doughnut, not the hole. *Id.* at *10.

The Court also rejected Safe-Strap's argument that "curved upper internal surface" meant the upper internal surface of the hole, as opposed to upper internal surface with respect to the hook, i.e., the curved surface on the outside of the doughnut. *Id.* at *10-13.

## II.

"[A] moving party seeking to invalidate a patent at summary judgment must submit . . . clear and convincing evidence of invalidity" because "[u]nder the patent statutes, a patent enjoys a presumption of validity." *Eli Lilly and Co. v. Barr Labs, Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001) (citing *Andersen*

3

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 252-53 (1986) and 35 U.S.C. § 282).

Whether a reissued patent is invalid for violating 35 U.S.C. § 251 is a question of law. *AIA Engineering Ltd v. Magotteaux Int'l S/A*, 657 F.3d 1264, 1271 (Fed. Cir. 2011). "Whether a claim amendment during reissue examination enlarged the scope of the claim is a matter of claim construction." *Id.* Claim construction is also a question of law. *Id.*

The Court incorporates by reference the claim construction standard set forth in this Court's previous opinion, *see Artemi,* 2014 U.S. Dist. LEXIS at *2-5.[1]

### III.

35 U.S.C. § 251(d) provides, "[n]o reissued patent shall be granted enlarging the scope of the claims of the original patent unless applied for within two years from the grant of the original patent." It is undisputed that the patent holder, Plaintiff Artemi, applied for reissue after the statutory two-year period. Thus, if the claims of the reissued patent are

---

[1] The Motion presently pending before the Court is a summary judgment motion pursuant to Fed. R. Civ. P. 56. However, the specific invalidity issue before the Court involves only questions of law. The "no genuine dispute as to any material fact" inquiry, Fed. R. Civ. P. 56(a), does not apply. It follows, then, that in addition to denying Safe-Strap's Motion for Summary Judgment on Invalidity, the Court should grant summary judgment on this issue to Artemi.

4

broader than the original patent, the reissued patent is invalid.

"'A claim of a reissue application is broader in scope than the original claims if it contains within its scope any conceivable apparatus or process which would not have infringed the original patent. A reissue claim that is broader in any respect is considered to be broader than the original claims even though it may be narrower in other respects.'" *Brady Constr. Innovations, Inc. v. Perfect Wall, Inc.*, 290 F. App'x 358, 363 (Fed. Cir. 2008) (quoting *Tillotson, Ltd. V. Walbro Corp.*, 831 F.2d 1033, 1037 n.2 (Fed. Cir. 1987)).

The Court construes the relevant claims of the original patent and then compares them with the construed terms of the reissued patent to determine whether impermissible broadening has occurred. *AIA Engineering Ltd*, 657 F.3d at 1271.

In the context of this case, the issue is this: is the relevant language of the '455 patent, claim 1-- " . . . the first part having a ring spaced from the hook, *the ring having a curved upper internal surface to facilitate carrying a plurality of garments by hand. . .* " broader than the Court's previous construction of the '568 patent, claim 8-- " . . . the first part further having a ring spaced from the hook, the ring having a curved upper internal surface *located on an exterior of the*

5

*ring and facing internally with respect to the hook* to facilitate carrying a plurality of garments by hand . . ."?

The Court previously held that the relevant language of RE'568 claim 8 referred to the "doughnut," and not the "hole" in the doughnut, as Safe-Strap asserted. The same question is now presented with respect to the '455 patent: does the relevant language identify the doughnut or the hole? Artemi argues the former; Safe-Strap argues the latter.

The Court rejects Safe-Strap's construction. As with any claim construction, the Court begins with the claim itself[2], which clearly states that the curved upper internal surface of the ring facilitates carrying many garment hangers at once.

Safe-Strap argues that the '455 patent contemplates the user inserting his or her index finger through the hole; thus, "curved upper internal surface" refers to the inside of the hole. But the Court disagrees-- just as it did with regard to the RE'568 patent's construction, *see Artemi*, 2014 U.S. Dist. LEXIS at *9-- that using the patented device in such a manner

---

[2]  The parties agree that the Court's inquiry is necessarily limited to the claims, specification and prosecution history of the '455 patent only, and not any of the documentation created during reexamination or reissue.

*facilitates* carrying by hand a plurality of garments that are quite weighty.[3]

Instead, locating the "curved upper internal surface," not on the inside of the hole, but rather on the outside, facilitates carrying the device with a gripped fist, which is more comfortable and gives the user more control when "carrying a plurality of garments by hand."

Safe-Strap relies on snippets of the '455 patent prosecution history for its assertion that the history "clearly shows that Artemi was referring to the surface of the ring facing the hole, and not a surface external to the hole." (Moving Brief p. 19)  But the prosecution history is not as clear as Safe-Strap makes it out to be.

The argument is based on Reference Number 4 of Figure 1, of the '455 patent, which is an arrow pointing to the center, empty space portion of the ring (i.e., the place through which Safe-Strap asserts a user could insert his index finger).  Before the PTO, Artemi stated that the "curved upper internal surface"

---

[3]  In apparent recognition of the weakness in its argument, Safe-Strap argues "[t]o facilitate is to 'make easier;' it does not require that the upper surface of the ring make it *easiest* to carry a plurality of garments by hand."  (Moving Brief, p. 19)  The Court finds this argument unpersuasive.

7

referred to "the upper internal surface of the ring 4 of Figure 1." (Def's Ex. 6, PArtemi0000146)

The problem with Safe-Strap's argument is that it does not exclude the Court's construction that the "curved upper internal surface" is located on the outside of the ring, i.e., internal with respect to the hooked portion of the device. There is no reference number specifically identifying the outside portion of the ring; if any number identifies that portion, it is reference number 4. Thus, this portion of the prosecution history could support either proposed construction, and therefore does not sustain Safe-Strap's weighty burden, particularly in light of the claim language itself, which does not support Safe-Strap's construction.

The Court holds that the relevant language of the '455 patent refers to the outside surface of the ring, i.e., the doughnut, not the hole. Thus, the RE'568 and '455 patent are coextensive in this respect; the RE'568 patent is not impermissibly broader than the '455 patent.

Safe-Strap's Motion for Summary Judgment will be denied; judgment on the issue of § 251(d) invalidity will be granted to Artemi.

8

**IV.**

For the foregoing reasons, Safe-Strap's Motion for Summary Judgment as to Invalidity will be denied, and summary judgment as to this issue will be granted to Artemi.  An appropriate Order accompanies this Opinion.


Dated:  July 14, 2015                 __s/ Joseph E. Irenas_____
                                      Joseph E. Irenas, S.U.S.D.J.